IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID B. STARKEY )
)
v. ) NO. 3:11-1217
)
FIRST MAGNUS FINANCIAL CORP, et al. )

TO: Honorable Todd J. Campbell, District Judge

### REPORT AND RECOMMENDATION

By Order entered December 22, 2011 (Docket Entry No. 5), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, for entry of a scheduling order, decision on all pretrial, nondispositive motions and a report and recommendation on all dispositive motions.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 7) filed by Defendants Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc., to which Plaintiff has filed a response in opposition (Docket Entry Nos. 12-13). Set out below is the Court's recommendation for disposition of the motion.

### I. BACKGROUND

Plaintiff is a resident of Tennessee. On May 17, 2011, he filed a pro se complaint in the Chancery Court for Rutherford County, Tennessee, against First Magnus Financial Corporation ("First Magnus"), Stonecrest Title Escrow Co., LLC. ("Stonecrest"), MERS Mortgage Electronic Registration ("MERS Mortgage"), Bank of America Home Loan Servicing, LP ("BAC Loan Servicing"), and Wilson & Associates, PLLC ("Wilson & Associates"). See Docket Entry No. 1-2, at 1-8.

Plaintiff alleges in the Complaint that he obtained a loan[1] in April, 2007, from First Magnus in order to purchase residential property located at 3614 Lascassas Pike, Lascassas, Tennessee, and entered into a promissory note with First Magnus.[2] He also granted to First Magnus a security interest in the property via a Deed of Trust.[3] In the Deed of Trust, Mortgage Electronic Registration Systems, Inc. ("MERS"), is made the beneficiary of the Deed of Trust as the nominee of First Magnus. See Docket Entry No. 8-2. The Deed of Trust was recorded in Rutherford County, Tennessee, on April 30, 2007. Id. The Complaint contains virtually no other background factual allegations other than allegations that, at some unstated point in time, Wilson & Associates initiated a non-judicial foreclosure proceeding on the property based on notice by BAC Loan Servicing that Plaintiff was in default on the loan and in arrears for the amount of $53,517.10.

Plaintiff contends that he is not in default on the loan, and that BAC Loan Servicing refuses to accept partial payment until the dispute is resolved. He further contends that Wilson & Associates failed to comply with state law regarding the non-judicial foreclosure sale. He alleges that BAC Loan Servicing "willfully and materially misrepresented the terms and conditions of the loans (sic) documents that were fraudulent, grossly unfair, and which provided for excessive and inappropriate fees and interest" and "willfully exploited and took advantage of Plaintiff's unfamiliarity with the loan documents." See Complaint (Docket Entry No. 1-2), at 3. Plaintiff asserts that "[b]y virtue of the

---

[1]Plaintiff references only a single loan in his Complaint. However, in his Response in Opposition to the Motion to Dismiss he states that he had two loans with First Magnus. See Docket Entry No. 12, at 6.

[2] Plaintiff alleges that the loan was for the amount of $409,913.00, and the loan was obtained on April 30, 2007. See Complaint (Docket Entry No. 1-2, at 2. However, the promissory note he entered into with First Magnus states that the loan was for the amount of $417,000.00 and bears the date of April 27, 2007. See Docket Entry No. 8-1. The exact date and amount of the loan, while certainly important, is not critical for the purpose of resolving the Defendants' motion.

[3] Defendants have attached the Promissory Note and the Deed of Trust to their motion to dismiss. See Docket Entry Nos. 8-1 and 8-2. In his Complaint, Plaintiff references these documents and indicates that they are attached as exhibits but they are not attached to the Complaint. In addressing the Motion to Dismiss under Rule 12(b)(6), the Court has considered these documents because they are referred to in the Complaint and are central to the claims contained therein. See Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008).

foregoing . . . the loan documents are invalid and, as such, no amounts are owed to [BAC Loan Servicing]." Id.

In the body of the Complaint, Plaintiff seeks injunctive relief to prevent the Defendants from taking actions to enforce the terms of the loan documents, a "determination and declaration of the parties' respective rights and duties," to establish and quiet title to the property at issue, and $5,328,093.60 in damages based upon a claim of "sweat equity lien [mechanics lien]." See Complaint (Docket Entry No. 1-2), at 5-6. On the first page of the Complaint, he also states that his complaint is "to enjoin trustee's sale, Tennessee, for violations of 15 USC Sec. 6101; Consumer Protection Act; Truth in Lending Act; Fraud; and Fiduciary Duty" and for "injunctive relief, accounting, full disclosure, declaratory relief, quiet title, and mechanic's lien." Id at 1. On August 12, 2011, the state court dismissed Plaintiff's claims against Wilson & Associates. See Docket Entry No. 1-2, at 14.

On December 21, 2011, Bank of America, N.A. ("BANA") and MERS removed the action to this Court, pursuant to 28 U.S.C. § 1441, asserting jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332.

Defendants BANA and MERS then filed the pending motion to dismiss seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They contend that the Complaint is difficult to decipher, conclusory, and lacking in supporting factual allegations. Defendants argue that, to the extent that Plaintiff clearly identifies some potential claims, his factual allegations simply fail to support claims against either BANA or MERS.

In response, Plaintiff does not directly address any of the arguments for dismissal made by Defendants, but instead sets forth several pages of allegations concerning the mortgage industry in general and about his specific situation and argues that he should be allowed to amend the Complaint so that it complies with pleading requirements, that his Complaint contains the elements for a cause of action under the Home Affordable Modification Program ("HAMP") either directly or as a third party beneficiary, that his opposition to the motion to dismiss was prejudiced by his inability to obtain discovery from Defendants, and that Defendants "engaged in fraud that potentially violated both state

law and the Tennessee RICO statute." See Response in Opposition (Docket Entry No. 12), at 8-14. In addition to his response, Plaintiff has filed a 46 page complaint which was filed in the State of New York by the Attorney General of the State of New York against nine defendants, including BANA and MERS and contends that it provides a "legal basis for my case and opposition to dismissal." See Docket Entry No. 13.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8

of the Federal Rules of Civil Procedure does not reflect a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSION

I. Proper and Current Defendants

This action was filed against First Magnus, Stonecrest, MERS Mortgage, BAC Loan Servicing, and Wilson & Associates. Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant who is not served within 120 days after the complaint is filed be dismissed without prejudice unless good cause is shown by the plaintiff for the failure to timely serve the defendant. There is no indication that First Magnus or Stonecrest was served with process in this action or has responded to the Complaint, and Plaintiff has not taken any action to pursue his action with respect to either of these defendants. Additionally, Wilson & Associates was dismissed by the state court prior to removal of the action. Accordingly, the Court does not view any of these three defendants as still remaining in the action.

Further, although the plaintiff named MERS Mortgage Electronic Registration and Bank of America Loan Servicing as defendants in the Complaint, Defendants assert that there are no legal entities by those names.[4] Nonetheless, BANA and MERS have acknowledged that they are the proper defendants to the action, see Docket Entry Nos. 7-8, at 1 nn.1-2, and, as a result, the Court will consider BANA and MERS as the proper defendants in the action.

---

[4] Specifically, Defendants represent that the correct name for MERS Mortgage Electronic Registration is Mortgage Electronic Registration Systems, Inc., and that the correct name for Bank of America Home Loan Servicing LP is BAC Home Loans Servicing, LP, which merged with and into Bank of America, N.A. See Docket Entry Nos. 7-8, at nn.1-2.

5

II. Sufficiency of the Complaint

Given the pleading standards required by Twombly and Iqbal, the Court finds that Plaintiff's Complaint warrants dismissal because it fails to contain factual allegations that support the claims set out in the Complaint or that show Plaintiff has viable claims upon which relief can be granted. Plaintiff's status as a pro se litigant does require the Court to view his pleading with some measure of a liberal construction. See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). See also Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the "lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts ... have been willing to abrogate basic pleading essentials in pro se suits." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases).

Although it is clear from the Complaint that Plaintiff's action involves his residential property mortgage and Defendants' apparent attempt to foreclose on the property, the Complaint is largely devoid of specific supporting factual allegations which illuminate his claims or show that he has plausible and defined legal claims entitling him to relief. For the most part, Plaintiff's allegations are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to support a claim and which will not defeat a motion to dismiss. See Iqbal, 556 U.S. at 678. Cf. Elsman v. Standard Fed. Bank, 46 Fed.Appx. 792, 2002 WL 31007987 (6th Cir. Sept. 5, 2002) (conclusory assertions that defendants' actions violated the TILA, the Consumer Credit Protection Act, the Fair Debt Collection Act, RICO, and state law failed to adequately plead actionable claims); Leinweber v. Bank of Am., N.A., 2012 WL 1620891, *5 (E.D. Tenn. April 18, 2012) (pro se plaintiffs' complaint was subject to dismissal for failure to state a claim under Iqbal and Twombly standards despite a "labyrinth of factual statements" because the statements were not correlated to and did not support the legal conclusions asserted in the complaint); Samples v. Bank of Am., N.A., 2012 WL 1309135 (E.D. Tenn. April 16, 2012) (pro se plaintiff's complaint alleging mistaken and erroneous representation as to standing to foreclose, unfair business practices, quiet title, and injunctive relief was dismissed for failure to comply with Iqbal and Twombly pleading standards

because it contained only bare allegations of fact along with assertions of various legal and equitable theories of relief). Indeed, in his Response in Opposition, Plaintiff himself appears to acknowledge the deficiency of his Complaint as indicated by the following statement:

> At the very least, Plaintiff should be allowed to amend his complaint to clarify the legal theories of recovery mentioned above based on the facts already mentioned in his Complaint. The existing Complaint could be dismissed without prejudice, which would afford Plaintiff the opportunity to re-file a better written Complaint with better legal theories.

See Docket Entry No. 12, at 14.

The Court views the Complaint as having only four claims which are specifically made in the body of the Complaint: 1) a claim for injunctive relief; 2) a claim for declaratory relief that Plaintiff did not breach the terms of the Promissory Note and Deed of Trust and that Wilson & Associates failed to comply with non-judicial foreclosure procedures under state law; 3) a claim to quiet title; and 4) a claim for damages based on sweat equity or a "mechanics lien."[5] However, these claims all warrant dismissal.

In his claim for damages, Plaintiff seeks over five million dollars, but he fails to provide any plausible legal basis whatsoever for why he is entitled to such a damage award. He bases this claim on an assertion of "sweat equity." However, he has not shown that this is a cognizable cause of action for damages under Tennessee law, let alone that the facts of his case, which are largely unexplained, would support such a claim even if it were cognizable. Plaintiff also refers to this claim as one based on a "mechanics lien." However, he has not set forth any facts that support a mechanic's lien in accordance with Tenn. Code. Ann. §§ 66-11-101 et seq.

Although a claim to quiet title is certainly a valid legal remedy, such a claim must be based upon some plausible assertion that legal title to the property in question is unclear, disputed, or

---

[5] The first page of the Complaint includes two lists of various statutes and other claims. However, Plaintiff fails to cite any particular statutory provision that he believes has been violated and fails to refer to any claims in the body of his Complaint other than the four claims described above. The Court has no duty to construct claims for Plaintiff based upon vague and cursory references to statutes or legal theories. Accordingly, the Court does not view these references as stating potential claims and will not analyze them as such.

7

encumbered in some manner. Plaintiff's request to quiet title to the property at issue is simply not based upon any clear and understandable assertion in the Complaint of a dispute regarding title to the property. To the extent that Plaintiff asserts that his Promissory Note or Deed of Trust is invalid because of fraud by BANA in the misrepresentation of terms of the documents, such a claim is not pled with the particularity required for claims of fraud under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Rule's purpose is to alert defendants "as to the particulars of their alleged misconduct" so that they may respond. United States ex rel. Bledsoe v. Community Health Sys., Inc. 501 F.3d 493, 503 (6th Cir. 2007). The heightened pleading standard is also designed to prevent "fishing expeditions," id. at 503 n.11, and to narrow potentially wide-ranging discovery to relevant matters. See United States ex rel. SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 504 (6th Cir. 2008). Generalized and conclusory allegations that the defendant's conduct was fraudulent do not satisfy Rule 9(b). Bovee v. Coppers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). The Complaint fails to state a claim sounding in fraud upon which relief can be granted. Accordingly, his allegations of fraud cannot support an action to quiet title.[6]

Plaintiff requests that the Court declare that he had not breached the Promissory Note or Deed of Trust and that Wilson & Associates failed to comply with non-judicial sale procedures under state law. As set out herein, the Court finds that the Complaint fails to state any viable claims for relief against Defendants BANA or MERS. As such, Plaintiff has not shown that a justiciable controversy exists between the parties which supports a request for declaratory relief. See Salisbury v. Federal Home Loan Mortg. Corp., 2012 WL 3727545, *4-5 (E.D. Tex. Aug. 27, 2012).

To the extent that Plaintiff seeks injunctive relief to prevent any foreclosure action against the property, Plaintiff is entitled to such relief only if he shows a strong likelihood of success on the

---

[6] The Court further notes that Plaintiff has not responded in any manner to Defendant BANA's assertion that it was not an original party to either the Promissory Note or Deed of Trust and, thus, could not have fraudulently misrepresented to Plaintiff any of the terms of these documents at the time of their execution.

8

merits of his underlying legal claims against Defendants. See Bays v. City of Fairborn, 668 F.3d 814, 818–19 (6th Cir. 2012); Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007). Given the Court's conclusion that Plaintiff's Complaint fails to state claims upon which relief can be granted, there is no basis for injunctive relief in his favor.

The Court finds no merit in Plaintiff assertion that his inability to obtain discovery from Defendants prejudiced his ability to respond to the motion to dismiss. Defendants' motion to dismiss tests the sufficiency of the Complaint in this action, not whether there is evidentiary support for his claims. The Court's review of the motion was limited to the content of the pleading itself. Accordingly, issues relating to discovery have no relevance to analysis of whether the allegations in the Complaint state claims upon which relief can be granted.

III. Request to Amend

In his Response in Opposition, Plaintiff contends that he should be permitted to amend his Complaint because he filed this action pro se and that such an amended complaint would include additional facts and claims that would be sufficient to withstand a motion to dismiss. The Court is not persuaded by this request.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend a pleading as a matter of course within twenty-one days after service of a motion under Rule 12(b), or with leave of the court after twenty-one days. However, Plaintiff has not filed a motion to amend his complaint and has not submitted a proposed amended complaint. Including a request to amend in a response to a motion to dismiss, as was done by Plaintiff, is not the proper procedure by which to seek leave to file an amended complaint. See Louisiana Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP, 622 F.3d 471, 486 (6th Cir. 2010); Diamonds, Inc. v. Chandler, 364 F.3d 671, 698 (6th Cir. 2004), abrogated on other grounds by Matrixx Initiatives, Inc. v. Siracusano, __ U.S. __, 131 S.Ct. 1309, 1323–25, 179 L.Ed.2d 398 (2011); Begala v. PNC Bank, Ohio, N.A., 214 F.3d 776, 784 (6th Cir. 2000); Wright v. J & S Extradition Serv., Inc., 2012 WL 1078981, *8 (M.D. Tenn. Mar. 30, 2012) (Haynes, J.); Rossi

9

v. SunTrust Mortg, Inc., 2011 WL 6888530, *7-8 (M.D. Tenn. Sept. 29, 2011 (Nixon, J.). Generally, plaintiffs are "'not entitled to an advisory opinion from the [c]ourt informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.'" Louisiana Sch. Emps.' Ret. Sys., 622 F.3d at 486 (quoting Begala, 214 F.3d at 785).

Even if the Court, in consideration of Plaintiff's pro se status, viewed the request to amend contained in his Response as properly requesting leave to amend via a motion to amend, his request would nonetheless warrant denial. Although Rule 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires," leave should not be granted when the proposed amendment would be futile because the proposed amended complaint would not withstand a motion to dismiss pursuant to Rule 12(b)(6). See Brown v. Owens Corning Inv. Review Committee, 622 F.3d 564, 574 (6th Cir. 2010); Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980).

Plaintiff seeks through an amendment to assert a cause of action under the Homeowners Affordable Modification Program ("HAMP"). However, the majority of federal courts who have reviewed actions involving HAMP have uniformly concluded that HAMP does not contain a private right of action or confer third party beneficiary status on borrowers with respect to servicing agreements under HAMP. See Grona v. CitiMortgage, Inc., 2012 WL 1108117 at * 5 (M.D. Tenn. April 2, 2012) (Campbell, J.); JP Morgan Chase Bank v. Horvath, 2012 WL 995397 at *2 (S.D. Ohio March 23, 2012) (collecting cases); Bourdelais v. J.P. Morgan Chase, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) (collecting cases). See also Cage v. Bank of America, 3-12-0108 (M.D. Tenn. April 5, 2012) (Nixon, J.). Although Plaintiff cites to a single case, Marques v. Wells Fargo Home Mortgage Inc., 2010 WL 3212131 (S.D. Cal. Aug. 12, 2010), in support of his assertion that he can bring a third-party beneficiary breach of contract claim against BANA as a mortgage servicer, see Docket Entry No. 12, at 10-11, Marques has been routinely rejected by other courts, see Ahmad v.

10

Wells Fargo Bank, NA, _F.Supp.2d_, 2012 WL 917769, *10 (E.D. Mich. Mar. 19, 2012); Coulibaly v. J.P. Morgan Chase Bank, 2011 WL 3476994, *15, n.20 (D. Md. Aug. 8, 2011); Nafso v. Wells Fargo Bank, NA, 2011 WL 1575372, *4 (E.D. Mich. Apr. 26, 2011) (collecting cases), and this Court also rejects its holding. Accordingly, any amendment to assert causes of action under HAMP would be futile as such claims could not withstand a motion to dismiss.

Plaintiff also seeks through an amendment to assert a claim that "MERS and BANA engaged in fraud that potentially violated both state law and the Tennessee RICO statute." See Docket Entry No. 12, at 12. Such a claim would also be futile. Although Plaintiff makes numerous assertions that Defendants made false allegations and statements and engaged in fraudulent acts, Rule 9(b) of the Federal Rules of Civil Procedure requires more than general allegations of fraud and requires particularized allegations regarding the time, place, and content of the alleged misrepresentations and false statements. See Frank v. Dana Corp., 547 F.3d 564, 570 (6th Cir. 2008). Such specificity is lacking in the plaintiff's filing, and Plaintiff's allegations simply do not state viable legal claims. See Girgis v. Countrywide Home Loans, Inc., 733 F.Supp.2d 835 (N.D. Ohio 2010); Smith v. Bank of Am. Corp., 2012 WL 2301645 (6th Cir. June 18, 2012); Hutchens v. Bank of Am., N.A., 2012 WL 1618316 (E.D. Tenn. May, 9, 2012) (analyzing claims against MERS arising from a borrower's challenge to a mortgage foreclosure). To the extent that the plaintiff seeks to pursue "potential" violations, such assertions of potential violations of the law are patently insufficient and will not withstand a motion to dismiss. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556-57.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) Plaintiff's claims against First Magnus Financial Corporation and Stonecrest Title Escrow Co., LLC., be DISMISSED for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure;

2) the Motion to Dismiss (Docket Entry No. 7) filed by Defendants Bank of America, N.A., Bank of America Home Loan Servicing, LP (as named in the Complaint), Mortgage Electronic Registration Systems, Inc., and MERS Mortgage Electronic Registration (as named in the Complaint) be GRANTED;

3) Plaintiff's request for leave to file an amended complaint be DENIED; and

4) this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

              Respectfully submitted,

              JULIET GRIFFIN
              United States Magistrate Judge

12

Case 3:11-cv-01217   Document 15   Filed 09/14/12   Page 12 of 12 PageID #: 213